IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON L. NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1507-D |
| ) | |
| LOGAN COUNTY EMS, a/k/a GUTHRIE ) | |
| FIRE & EMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court are motions for dismissal filed by all defendants and by the City of Guthrie, Oklahoma, which states that it is the proper defendant in place of an improperly named party, Logan County EMS a/k/a Guthrie Fire & EMS.[1] Two separate motions have been filed pursuant to Fed. R. Civ. P. 12(b)(6) and raise similar issues: Defendant City of Guthrie's Motion to Dismiss [Doc. No. 5]; and Defendants Board of County Commissioners of Logan County, Logan County Sheriff Jim Bauman, Logan County Jail Trust Authority, and Logan County Jail Authority Trustees' Motion to Dismiss [Doc. No. 8].[2] Plaintiff has filed almost identical responses to the Motions, which are fully briefed and at issue. Therefore, the Motions will be addressed together.

---

[1] In his response brief, Plaintiff accepts this statement and suggests the substitution of the City of Guthrie as the proper defendant. Thus, the Court will refer to this defendant as the "City."

[2] Because Sheriff Bauman and the unnamed trustees are sued in their official capacities, the action is simply one against Logan County and its jail trust. "[A]n official-capacity suit brought under § 1983 'generally represents only another way of pleading an action against an entity of which an officer is an agent,' and as long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 161, 165-66 (1985)) (internal quotation omitted). Thus, these movants will be referred to collectively as the "County."

**Factual and Procedural Background**

Plaintiff brings suit under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was confined during a period of pretrial detention at the Logan County jail in Guthrie, Oklahoma.[3] As indicated above, Plaintiff has not sued any individual participants in the alleged violations, but has named only the entities and officials allegedly responsible for the operations and policies of the emergency medical service and the jail. The City and the County move for dismissal on the grounds that Plaintiff has failed to allege a factual basis for municipal liability under § 1983, which does not authorize *respondeat superior* liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).[4] The County also moves to dismiss any pendent state law claims governed by Oklahoma's Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151-172. In response, Plaintiff argues that Defendants improperly seek to apply a heightened pleading standard, that he should be allowed to amend his pleading to cure any deficiencies, and that the GTCA does not apply to tort claims amounting to, at the least, gross negligence. *See* Pl.'s Resp. Brs. [Doc. Nos. 10 & 11] at 6.[5]

**Standard of Decision**

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007)

---

[3] Plaintiff filed his action in state court, and Defendants timely removed it to federal court.

[4] The City also contends that Plaintiff's factual allegations fail to show a violation of a constitutional right by EMS personnel. Because the first issue is dispositive of the City's motion, the Court does not reach its remaining arguments.

[5] The City states in its reply brief that it did not seek the dismissal of any tort claim because none is pled in Plaintiff's pleading but that any such claim should be dismissed.

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Claimants must "do more than generally allege a wide swath of conduct;" they must allege sufficient facts to "'nudg[e] their claims across the line from conceivable to plausible.'" *Robbins*, 519 F. 3d at 1247 (quoting *Twombly*, 550 U.S. at 570); *see Iqbal*, 556 U.S. at 683. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

### Plaintiff's Allegations [6]

Plaintiff, who is now an Oklahoma inmate, was arrested and detained in the Logan County jail in February, 2010. Jail officials called for emergency assistance after Plaintiff cut his wrists, but emergency personnel allegedly failed to provide appropriate medical treatment. Medical responders did not examine Plaintiff but, instead, "advised jail officials to band aid the cuts." *See* Petition [Doc. No. 1-1], ¶ 7. Plaintiff was thereafter placed in physical restraints or "a body suit," and despite his pleas for assistance, Plaintiff was left to bleed until the next day when jail officials "discovered him in and out of consciousness." *See id*. ¶ 10. When the restraints were removed, "blood poured from the suit, revealing severe wounds to Plaintiff's wrists, which should have

---

[6] Pursuant to the standard of decision, the factual allegations of Plaintiff's state court petition are accepted as true and stated in the light most favorable to him.

3

required immediate medical treatment, but instead, jail officials allowed Plaintiff to suffer, strapped in a body suit filling with his own blood." *Id*. ¶ 11.  After Plaintiff was found unresponsive in the body suit, emergency medical responders were called a second time, and only then was Plaintiff transported to the hospital.  The emergency room physician noted a significant blood loss requiring immediate medical treatment.

Based on these factual allegations, Plaintiff claims that he was deprived of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to reasonable safety and adequate medical treatment during confinement, due process, and freedom from cruel and unusual punishment.[7]  The only allegations of Plaintiff's pleading that arguably support § 1983 liability of the County or the City are ones stating that Defendants were "acting pursuant to customs and policies of Logan County" and further stating as follows:

> On information and belief, Defendant [sic], acting through official policies, practices, and customs and with deliberate, callous and conscious indifference to the constitutional rights of Plaintiff, and all other detainees in the Logan County jail, failed to implement the policies, procedures, and practices necessary to provide constitutionally adequate medical services to Plaintiff during his incarceration in the Logan County jail[,] and implemented policies, procedures, and practices which actually interfered with or prevented Plaintiff from receiving medical services an[d] treatment.
>
> \*   \*   \*   \*
>
> These actions by the Defendant [sic] further violated the rights of Plaintiff through the Defendant's own policies regarding medical treatment and care of inmates.

---

[7] Although Plaintiff lists numerous constitutional rights, it is unclear whether he claims more than a single constitutional violation.  A pretrial detainee is guaranteed humane conditions of confinement by the Due Process Clause of the Fourteenth Amendment.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1188 (10th Cir. 2003).  However, "the Eighth Amendment standard provides the benchmark for such claims."  *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998); *see also Barrie v. Grand County*, 119 F.3d 862, 868 (10th Cir. 1997) ("Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment.") (internal quotation omitted).

*See* Petition [Doc. No. 1-1], ¶¶ 17, 18 & 20.  Also, Plaintiff's pleading does not refer to any state law claim or express any common law tort theory of recovery; he makes no reference to GTCA and names no individual employees.  However, as stated above, Plaintiff argues in his brief that, apart from a constitutional violation for which he seeks damages under § 1983, the conduct described in his pleading would constitute, at least, gross negligence of the employees who ignored his pleas for help and denied him medical treatment, and "constitutes near torture."  *See* Pl.'s Resp. County's Mot. Summ. J. [Doc. No. 10] at 7; Pl.'s Resp. City's Mot. Summ. J. [Doc. No. 11] at 6.

**Discussion**

**A.     Municipal Liability Under Section 1983**

The City and the County contend that Plaintiff's pleading fails to state a § 1983 claim against them because it contains only conclusory allegations regarding unspecified deficiencies in policies and procedures of the jail or the emergency service.  Because Plaintiff does not identify any particular deficiency or any particular policy of the City or the County that caused the alleged constitutional violations to occur, the City and the County argue that the complaint does not adequately identify the factual basis of a § 1983 claim against them.  Accordingly, Plaintiff has failed to allege necessary facts to show any action of the City or the County was the "moving force" behind Plaintiff's alleged unconstitutional treatment.  *See Monell*, 436 U.S. at 694; *Board of County Comm'rs v. Brown*, 520 U.S. 397, 409 (1997).

Plaintiff contends his pleading is sufficient to satisfy Fed. R. Civ. P. 8(a), which permits notice pleading and requires only "a short and plain statement" of his claims.  Plaintiff concedes that the newly articulated "*Twombly/Iqbal* standard" requires more than conclusory statements or speculative assumptions.  *See Khalik v. United Airlines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading . . . and allowing

5

complaints that are no more than labels and conclusions'") (quoting *Robbins*, 519 F.3d at 1247). Plaintiff argues, however, that he should not be required at this stage of the case to identify a particular policy or practice that caused his allegedly unconstitutional treatment, and he notes that the cases cited by Defendants regarding municipal liability involve summary judgment rulings.

It is true that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal quotation omitted); *see also Iqbal*, 556 U.S. at 663 ("determining whether a complaint states a plausible claim is context-specific"). The court of appeals addressed the sufficiency of a complaint to state a § 1983 claim of municipal liability arising from unlawful conduct by law enforcement officers in *Moss v. Kopp*, 559 F.3d 1155 (10th Cir. 2009). There, the complaint was determined to be insufficient because it did not allege that a final policymaker took any unconstitutional action or approved the conduct of the officers, or that the single incident occurred pursuant to an official policy or practice. *See id*. at 1169. In more recent unpublished opinions, the court of appeals has addressed the degree of specificity required to state a § 1983 claim based on a policy or custom of a governmental entity.[8] In *Lewis v. McKinley County Board of County Commissioners*, 425 F. App'x 723, 726 (10th Cir. 2011), and in *Dalcour v. City of Lakewood*, No. 11-1117, 2012 WL 3156342, *4 (10th Cir. Aug. 6, 2012), the court of appeals affirmed dismissals of § 1983 claims based on the plaintiffs' failure to identify any official policy or custom that might have caused the alleged constitutional violations to occur.

Similarly here, Plaintiff does not allege any facts to show that an unconstitutional policy of the City or the County, or any action by a final policymaker for the governmental entities involved in this case, caused the alleged violation of his constitutional rights. Plaintiff simply argues that he

---

[8] These opinions are cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

should not be required to identify in his pleading a specific policy that was responsible for the allegedly unconstitutional conduct of emergency medical technicians and jail employees. This argument is contrary to federal law, as discussed above, and fails to overcome the deficiency in his pleading. However, Plaintiff correctly argues that he should be allowed to amend his pleading and to provide sufficient allegations to state an actionable § 1983 claim.

For these reasons, the Court finds that Plaintiff's pleading fails to state a § 1983 claim against the City or the County and that Defendants' Motions should be granted, but that Plaintiff should receive an opportunity to file an amended complaint.

**B.     Tort Claims**

The County contends that Plaintiff's exclusive remedy under state law is a tort action subject to the provisions of the GTCA, which provides an exemption for the operation of a jail facility. *See* Okla. Stat. tit. 51, § 155(24). The City contends that the petition fails to allege any common law tort claim against it, and fails to allege compliance with procedural prerequisites to suit under the GTCA. *See*, *e.g.*, *Cruse v. Board of County Comm'rs*, 901 P.2d 998- 1004-05 (Okla. 1995) (holding that a judicial action is barred by a failure to comply with statutory procedural requirements). Plaintiff argues with respect to any state law theory of liability that he has alleged sufficient facts to establish a common law tort of gross negligence, at the least, and that such a claim is outside the purview of the GTCA, citing *Fox v. Oklahoma Memorial Hosp.*, 774 P.2d 459 (Okla. 1989). This argument disregards the nature of this action.

Plaintiff has sued certain political subdivisions of the State of Oklahoma. In Oklahoma, "[g]overnmental immunity of a subdivision of the State is waived only to the extent and in the manner provided in the GTCA." *Teeter v. City of Edmond*, 85 P.3d 817, 820 (Okla. 2004). A political subdivision can be held liable only for acts of its employees acting within the scope of their

employment. *See* Okla. Stat. tit. 51, § 153(A). As defined by GTCA, "'[s]cope of employment' means performance by an employee acting *in good faith* within the duties of the employee's office or employment . . . ." *Id*. § 152(12) (emphasis added). Thus, there are some tort theories that fall outside the scope of the Act. The Oklahoma Supreme Court explained in *Fehring v. State Insurance Fund*, 19 P.3d 276, 283 (Okla. 2001): "[W]hen, for viability, the tort cause of action sued upon requires proof of an element that necessarily excludes good faith conduct on the part of governmental employees, there can be no liability against the governmental entity in a GTCA-based suit." The supreme court further observed in *Fehring* that "[a]cts performed with reckless disregard for an individual's rights also lack good faith and are outside the scope of employment under the provisions of the GTCA." *Id*. at 285. Under these circumstances, a plaintiff has no claim against the governmental entity, which cannot be held liable for the employee's conduct. *See id*.

In this case, as the Court understands Plaintiff's argument, he contends that he has alleged the sort of egregious conduct that is outside the purview of the GTCA. If that is the case, then his state law claim must be asserted against the individual employees who committed the injurious conduct, and not against the governmental entities that employed them. In this case, however, Plaintiff has sued governmental entities based on their employees' alleged misconduct. Thus, the GTCA applies, and compliance with its mandatory provisions is required. Plaintiff does not allege that he complied with these provisions, and thus he fails to state an actionable claim.

For these reasons, the Court finds that Plaintiff has failed to state any tort claim against the named defendants in this case, and that Defendants' Motions should be granted. However, for the reasons stated above, the Court finds that Plaintiff should be granted an opportunity to amend his pleading.

IT IS THEREFORE ORDERED that Defendant City of Guthrie's Motion to Dismiss [Doc. No. 5] and Defendants Board of County Commissioners of Logan County, Logan County Sheriff Jim Bauman, Logan County Jail Trust Authority, and Logan County Jail Authority Trustees' Motion to Dismiss [Doc. No. 8] are GRANTED.  Plaintiff has failed to state a claim under 42 U.S.C. § 1983 or state law against the named defendants.  However, Plaintiff may file an amended pleading within 21 days from the date of this Order.

IT SO ORDERED this 27th day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE