IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JASON L. NICHOLS,<br><br>Plaintiff,<br><br>vs.<br><br>LOGAN COUNTY EMS, a/k/a GUTHRIE FIRE & EMS, *et al.*,<br><br>Defendants. | ) | Case No. CIV-11-1507-D |

**O R D E R**

Before the Court is Defendant City of Guthrie's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [Doc. No. 17]. The City of Guthrie ("City") seeks the dismissal of all claims asserted against it in the Amended Complaint [Doc. No. 16].[1] Plaintiff Jason L. Nichols has responded in opposition to the Motion, which is fully briefed and at issue.

**Factual and Procedural Background**

Plaintiff brings suit under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was a pretrial detainee in the Logan County jail at Guthrie, Oklahoma. Plaintiff brings suit against the City based on its alleged liability for providing deficient emergency medical services ("EMS") through its fire department. The City moves for dismissal on the grounds that Plaintiff has failed to allege a factual basis for municipal liability under § 1983, which does not authorize

[1] The Court previously granted the City's motion to dismiss Plaintiff's original petition (filed in state court) with leave to amend. *See* Order of August 27, 2012 [Doc. No. 15] at 9. Although Plaintiff styled his new pleading as an "Amended Petition," it should have been denominated a complaint, consistent with federal procedural rules, and so it will be referred to herein as the "Amended Complaint."

*respondeat superior* liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).[2] Although the Amended Complaint is unclear as to whether it asserts a pendent state law claim against the City, the City also moves to dismiss any tort claim because Plaintiff did not satisfy statutory prerequisites to suit under Oklahoma's Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151-172; the City moves to dismiss any state law claim not governed by the GTCA as untimely filed. In response, Plaintiff argues that the Amended Complaint satisfies federal pleading standards with regard to a § 1983 claim, that he should be allowed to amend his pleading to cure any deficiencies, and that the Amended Complaint alleges timely filing of a tort claim under the GTCA.

**Standard of Decision**

Dismissal under Rule 12(b)(6) for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

---

[2] The City also contends that Plaintiff's factual allegations fail to show a violation of a constitutional right by EMS personnel. Because the first issue is dispositive, the Court does not reach the City's remaining arguments regarding a § 1983 claim against it.

**Plaintiff's Allegations** [3]

Plaintiff, who is now an Oklahoma prison inmate, was arrested and detained in the Logan County jail in February, 2010. Jail officials called for emergency assistance from the City's EMS personnel after Plaintiff cut his wrists, but the responders allegedly "failed to provide appropriate medical treatment to Plaintiff" and "failed to examine the Plaintiff and advised Logan County jail officials to band aid the cuts." *See* Am. Compl. [Doc. No. 16], ¶ 6. Plaintiff was thereafter placed in physical restraints or "a body suit," and despite his pleas for assistance, Plaintiff was left to bleed until the next day when jail officials "discovered him in and out of consciousness." *See id*. ¶ 9. When the restraints were removed, "blood poured from the suit, revealing severe wounds to Plaintiff's wrists." *Id*. ¶ 10. After Plaintiff was found unresponsive in the body suit, the City's EMS responders were called a second time, and only then was Plaintiff transported to the hospital. The emergency room physician noted a significant blood loss requiring immediate medical treatment.

Based on these factual allegations, Plaintiff claims that the City breached a duty of care to him by the failure of EMS personnel "to properly examine the Plaintiff and determine his proper needs, and properly provide adequate, safe, prompt, and proper medical care." *Id*. ¶ 43. Plaintiff also alleges that the City "failed to provide in a timely manner, and at all relevant times, individuals qualified to care for [his] medical needs." *Id*. ¶ 44. Plaintiff does not claim the City was responsible for any violation of his constitutional rights other than through the inadequate health care services provided by EMS personnel. As to any state law claim, Plaintiff alleges that his action was properly and timely filed according to the statutory requirements of the GTCA.

---

[3] Consistent with the standard of decision, the allegations of Plaintiff's pleading are accepted as true, and stated in the light most favorable to him.

## Discussion

### A. Municipal Liability Under Section 1983

The City contends the Amended Complaint fails to state a § 1983 claim of municipal liability because it contains no allegations that an unconstitutional policy or practice of the City caused any violation of Plaintiff's constitutional rights to occur. In response to this argument, Plaintiff does not identify any particular policy or practice of the City at issue, but argues only that a constitutional violation occurred and that any deficiency in his pleading could be cured by further amendment.

The law is clear that, to establish municipal liability, Plaintiff must allege necessary facts to show that an action of the City was the "moving force" behind an alleged unconstitutional violation. *See Monell*, 436 U.S. at 694; *Board of County Comm'rs v. Brown*, 520 U.S. 397, 409 (1997). With respect to the City, the Amended Complaint is plainly devoid of any factual allegation that would establish municipal liability. It is true that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context." *See Robbins*, 519 F.3d at 1248 (internal quotation omitted); *see also Iqbal*, 556 U.S. at 663 ("determining whether a complaint states a plausible claim is context-specific"). The court of appeals has previously addressed the sufficiency of a complaint to state a § 1983 claim against a municipality arising from unlawful conduct by law enforcement officers. In *Moss v. Kopp*, 559 F.3d 1155 (10th Cir. 2009), the complaint was determined to be insufficient because it did not allege a final policymaker took any unconstitutional action or approved the conduct of the officers, or that the single incident occurred pursuant to an official policy or practice. *See id.* at 1169.

Similarly here, Plaintiff does not allege any facts to show that an unconstitutional policy of the City, or any action by a final policymaker for the City, caused an alleged violation of his constitutional rights. In response to the City's Motion, he does not point to any allegations of his

Amended Complaint that might satisfy this prerequisite to imposing § 1983 liability against the City based on the allegedly unconstitutional conduct of EMS personnel. Instead, Plaintiff simply argues that he should be allowed to further amend his pleading. Although liberal amendment of pleadings is required, the Court need not provide additional opportunities to amend, where prior amendments have failed to produce sufficient allegations to state an actionable § 1983 claim. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (refusing leave to amend may be justified upon "failure to cure deficiencies by amendments previously allowed"). Also, leave to amend may properly be denied where, as here, Plaintiff fails to explain how further amendment would cure the deficiency in his prior pleadings. *See Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009); *see also Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1186–87 (10th Cir. 1999).

For these reasons, the Court finds that Plaintiff's Amended Complaint fails to state a § 1983 claim against the City, and that the City's Motion to dismiss Plaintiff's § 1983 action should be granted, and leave to further amend Plaintiff's pleading should be denied.

**B. State Law Claim**

The City contends any tort claim asserted against it is subject to the provisions of the GTCA, and the Amended Complaint fails to allege compliance with procedural prerequisites to suit. *See, e.g., Cruse v. Board of County Comm'rs*, 901 P.2d 998- 1004-05 (Okla. 1995) (holding that a judicial action is barred by a failure to comply with statutory procedural requirements). In addition, the City contends any state law claim not governed by the GTCA would be time-barred by operation of the statute of limitations applicable to inmates' lawsuits against political subdivisions, Okla. Stat. tit. 12, § 95(11)(c). Plaintiff responds by arguing that paragraph 19 of the Amended Complaint sufficiently alleges compliance with the GTCA's notice requirements, and that his action was timely filed on November 14, 2011. *See* Pl.'s Resp. City's Mot. Dism. [Doc. No. 26] at 5. The referenced

paragraph alleges Plaintiff gave timely notice of a tort claim to the Board of County Commissioners of Logan County and Sheriff Jim Bauman. *See* Am. Compl. [Doc. No. 16], ¶ 19.

Plaintiff's suit against the City is an action against a political subdivision of the State of Oklahoma. In Oklahoma, "[g]overnmental immunity of a subdivision of the State is waived only to the extent and in the manner provided in the GTCA." *Teeter v. City of Edmond*, 85 P.3d 817, 820 (Okla. 2004). "Notice is a jurisdictional prerequisite to bringing an action under the GTCA. Failure to present written notice as required by the GTCA results in a permanent bar of any action derivative of the tort claim." *Harmon v. Cradduck*, 286 P.3d 643, 652 (Okla. 2012) (citations omitted); *see Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996). Thus, a person bringing suit on a claim governed by the GTCA must comply with its mandatory notice provisions. Plaintiff's allegations of written notice to the Board of County Commissioners and Sheriff Bauman are insufficient to provide notice to the City, which must receive notice through the City Clerk. *See* Okla. Stat. tit. 51, § 156(D). Therefore, the Amended Complaint fails to state an actionable tort claim against the City under the GTCA.

Any suit not governed by the GTCA would nevertheless be subject to the one-year statute of limitations provided by § 95(A)(11). Plaintiff wholly fails to address this issue in his response, and therefore, in the exercise of discretion under LCvR7.1(g), the Court deems it confessed. In any event, according to Plaintiff's factual allegations, any misconduct by EMS personnel occurred on February 16, 2010, when they first responded to his medical emergency. Therefore, any non-GTCA suit filed in November, 2011, was commenced well past the one-year time limit of § 95(A)(11), and is time-barred.

For these reasons, the Court finds the Amended Complaint fails to state a viable state law claim against the City. Further, as stated above, the Court finds Plaintiff need not be granted another

opportunity to amend his pleading. Plaintiff has failed to cure the deficiencies in his pleading through prior amendment, and the allegations of his Amended Complaint show further amendment would be futile.

IT IS THEREFORE ORDERED that Defendant City of Guthrie's Fed. R. Civ P. 12(b)(6) Motion to Dismiss [Doc. No. 17] is GRANTED. Plaintiff's Amended Complaint fails to state a claim under 42 U.S.C. § 1983 or state law against the City of Guthrie. Therefore, Plaintiff's action against Defendant City of Guthrie is dismissed with prejudice.

IT SO ORDERED this 16th day of April, 2013.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE