IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON L. NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1507-D |
| ) | |
| LOGAN COUNTY EMS, a/k/a GUTHRIE ) | |
| FIRE & EMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court are the following motions pursuant to Fed. R. Civ. P. 12(b)(6): Defendant Board of County Commissioners of Logan County's Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 20]; Defendant Jim Bauman, Individually, and as Sheriff of Logan County's Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 21]; and Defendants' Logan County Jail Authority Trustees, Individually, Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 22].[1] The Board of County Commissioners of Logan County (the "Board") and Sheriff Bauman[2] seek dismissal of pendant state law claims; the Logan County Jail Authority Trustees (the "Trustees") seek dismissal of all claims asserted against them in the Amended Complaint. Plaintiff has filed a combined response to all three Motions, which are fully briefed and at issue. Therefore, the Motions will be addressed together.

---

[1] Defendants assert that the amended pleading Plaintiff filed after removal of the case, which he designated the "Amended Petition," should be called the "Amended Complaint" in accordance with federal procedure. The Court agrees, and refers to Plaintiff's pleading in the manner stated in the Motions.

[2] Sheriff Bauman is named as a defendant in his individual capacity and his official capacity as Sheriff of Logan County. An action against Sheriff Bauman in his official capacity is simply one against Logan County, which has also been sued through its Board of County Commissioners. *See* Order of Aug. 27, 2012 [Doc. No. 15] at 1 n.2. Thus, the arguments asserted by the Board and Sheriff Bauman in his official capacity are the same.

**Factual and Procedural Background**

Plaintiff brings suit under 42 U.S.C. § 1983 for alleged violations of his constitutional rights during a period of pretrial detention at the Logan County jail in Guthrie, Oklahoma. Plaintiff has not sued any individual participants in the alleged violations, but has named only the entities and officials allegedly responsible for the operation and policies of the jail.[3] Plaintiff alleges he was physically restrained and denied timely medical care for self-inflicted, life-threatening injuries.

The Board moves for dismissal of pendent state law claims governed by Oklahoma's Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151-172, on the ground that Plaintiff failed to comply with procedural prerequisites to suit, namely, a timely filing within 180 days after his administrative claim was denied. Alternatively, the Board asserts statutory exemptions from suit for tort claims related to jail operations, and adoption or enforcement of laws. *See id*. § 155(4), (24). Sheriff Bauman and the Trustees in their individual capacities assert that GTCA provides immunity for any tort action against them personally. The Trustees also move for dismissal on the grounds that they are improperly named,[4] that they are entitled to qualified immunity from suit under § 1983, that the Amended Complaint fails to state a § 1983 claim against the Logan County Jail Trust Authority, and that any tort action against the Logan County Jail Trust Authority is barred by Plaintiff's failure to comply with procedural prerequisites to suit under GTCA. All movants assert that any pendent state law claims that might be asserted outside the scope of GTCA must be

---

[3] Plaintiff also sued the City of Guthrie as the provider of emergency medical services to him during his detention, but the City of Guthrie has been dismissed from this action. *See* Order of April 16, 2013 [Doc. No. 29]. Thus, Plaintiff's allegations regarding deficient emergency medical services will be omitted, except as necessary to the discussion of other claims.

[4] The Trustees assert they are sued collectively as a group that is not a legal entity with a capacity to be sued, and that the Amended Complaint fails to name the proper party, the Logan County Jail Trust Authority. Because these alleged defects could apparently be cured, the Court will first address other alleged defects in the Amended Complaint that raise potentially dispositive issues.

2

dismissed because Plaintiff's action is time barred by the applicable statute of limitations, Okla. Stat. tit. 12, § 95(A)(11).

In response, Plaintiff concedes the Motions with respect to the individual defendants sued in their individual capacities, and "requests the Court dismiss the claims against the Trustees and Sheriff individually." *See* Pl.'s Combined Resp. Br. [Doc. No. 25] at 1. Accordingly, the Court accepts this statement as a notice of voluntary dismissal of the individual defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and addresses the Motions only with respect to Plaintiff's official-capacity claims and claims against the Board.[5] First, regarding § 1983, Plaintiff does not address the Trustees' argument that the Amended Complaint fails to state a claim against the Logan County Jail Trust Authority, except by asserting that an official-capacity action is the same as one against the entity and that any defects in his pleading can be cured by amendment. *See id*. at 1, 7. Second, regarding any state law claims, Plaintiff argues only that his suit was filed within the time period required by GTCA and that no statutory exemption applies to bar this action. Accordingly, pursuant to LCvR7.1(g), the Court deems the Motions confessed as to any state law claim that is not covered by GTCA.[6]

---

[5] "Under Rule 41(a)(1)(i) [now Rule 41(a)(1)(A)(i)], a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court." *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). Accordingly, "once a Rule 41(a)(1) dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Id*. (internal quotation omitted); *see also Netwig v. Georgia Pacific Corp*., 375 F.3d 1009, 1011 (10th Cir. 2004). Plaintiff's unequivocal statement that he wants to dismiss certain defendants, by itself, effectuated the dismissal. *See Janssen*, 321 F.3d at 1000; *Netwig*, 375 F.3d at 1010.

[6] In any event, the Court previously held in ruling on the City of Guthrie's motion to dismiss, that "any non-GTCA suit filed after November, 2011, was commenced well past the one-year time limit of § 95(A)(11), and is time-barred." *See* Order of April 16, 2013 [Doc. No. 29] at 6.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679; *see also Robbins*, 519 F.3d at 1248. In the context of § 1983 cases involving multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *See Robbins*, 519 F.3d at 1249-50 (emphasis in original). The question to be decided in any case is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Plaintiff's Allegations** [7]

Plaintiff, who is now an Oklahoma prison inmate, was arrested and detained in the Logan County jail in February, 2010. Jail officials called for assistance from emergency medical services (EMS) on February 16 after Plaintiff cut his wrists, but the responders allegedly "failed to examine the Plaintiff and advised Logan County jail officials to band aid the cuts." *See* Am. Compl. [Doc.

---

[7] Pursuant to the standard of decision, the factual allegations of the Amended Complaint are accepted as true and stated in the light most favorable to Plaintiff.

4

No. 16], ¶ 6. Plaintiff was thereafter placed in physical restraints or "a body suit," and despite his pleas for assistance, Plaintiff was left to bleed until the next day when jail officials "discovered him in and out of consciousness." *See id.* ¶¶ 8-9. Upon removal of the restraints, "blood poured from the suit, revealing severe wounds to Plaintiff's wrists, which should have required immediate medical treatment, but instead, jail officials allowed Plaintiff to suffer, strapped in a body suit filling with his own blood." *Id.* ¶ 10. When Plaintiff was found unresponsive on February 17, EMS personnel were called a second time, and only then was Plaintiff transported to the hospital. The emergency room physician noted a significant blood loss requiring immediate medical treatment.

Plaintiff alleges the Board is "responsible for payment and provision of proper medical care for inmates in the Logan County jail" and "is responsible for policies and procedures regarding training, hiring, firing, and supervision of employees who work at the Logan County jail and provide medical care for inmates." *Id.* ¶ 17. Plaintiff claims the Board violated duties of care imposed by statutory and constitutional law, including the Oklahoma Constitution, by delaying or denying him essential medical care and "fail[ing] to enforce policies and procedures for proper oversight of the jail, and for the protection of inmates, such as Plaintiff." *Id.* ¶ 25. Plaintiff claims Sheriff Bauman and the Trustees violated these same duties. *Id.* ¶¶ 31, 37. Plaintiff alleges he gave notice of a tort claim to the Board and Sheriff Bauman on February 14, 2011, and his action was timely filed according to the statutory requirements of the GTCA. *Id.* ¶ 19.

## Discussion

**A.     Section 1983 Claim**

The Trustees in their official capacities assert that the Amended Complaint does not name the Logan County Jail Trust Authority (the "Trust Authority") as a defendant, nor allege a factual basis for a § 1983 claim against that entity. In response, Plaintiff argues in his brief that because he

5

has named the Trustees in their official capacities, he has sued the entity they represent and "the entity is Logan County." *See* Pl.'s Combined Resp. Br. [Doc. No. 25] at 2. Similarly, in the Amended Complaint, Plaintiff alleges in support of his claim against the Trustees that "Logan County" owed statutory and constitutional duties to jail inmates that were breached. *See* Am. Compl. [Doc. No. 16], ¶¶ 36-38. These allegations and arguments are apparently based on a mistaken view that the Trust Authority is an agency or subdivision of Logan County.

Under Oklahoma law, a public trust such as the Trust Authority is a distinct legal entity, and its activities and obligations are determined by the written instrument under which it was created. *See* Okla. Stat. tit. 60, § 176.1(A)(2)-(3) and (D). In the Amended Complaint, Plaintiff provides no factual allegations from which to conclude that the Trust Authority had the same legal duties with respect to jail operations, employees, and inmates as did "Logan County." Further, because § 1983 does not authorize *respondeat superior* liability, Plaintiff must allege a factual basis for liability of the Trust Authority in order to state a § 1983 claim against it. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Amended Complaint does not identify any particular act or omission by the Trustees acting on behalf of the Trust Authority, or any policy or practice of the Trust Authority itself, that was the "moving force" behind Plaintiff's alleged unconstitutional treatment. *See Monell*, 436 U.S. at 694; *Board of County Comm'rs v. Brown*, 520 U.S. 397, 409 (1997). For the reasons previously stated in the Order of August 27, 2012, the Court finds that the Amended Complaint, like Plaintiff's original pleading, fails to state a § 1983 claim against the Trust Authority.

As an alternative to arguing that the Amended Complaint is sufficient, Plaintiff argues in his response brief that he should be allowed another opportunity to amend his pleading. This argument is based on the general proposition that the proper remedy for a deficient pleading is amendment rather than dismissal. However, Plaintiff already received an opportunity for amendment when the

6

Court granted Defendants' first Rule 12(b)(6) motions. *See* Order of Aug. 27, 2012 [Doc. No. 15] at 9. While amended pleadings should be liberally permitted, the Court need not provide additional opportunities to amend where prior amendments have failed to produce sufficient allegations to state an actionable § 1983 claim. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (leave to amend may be denied upon "failure to cure deficiencies by amendments previously allowed"). Also, leave to amend may properly be denied where, as here, Plaintiff fails to explain how further amendment would cure the deficiency in his prior pleadings. *See Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009); *see also Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999).

For these reasons, the Court finds that the Amended Complaint fails to state a § 1983 claim against the Trust Authority, that the Trustees' official-capacity Motion for dismissal of Plaintiff's § 1983 action should be granted, and that leave to further amend Plaintiff's pleading should be denied.

**B.  Tort Claims**

The Trustees in their official capacities contend any tort claim asserted against the Trust Authority is subject to dismissal because the Amended Complaint fails to allege compliance with procedural prerequisites to suit under GTCA. *See*, *e.g.*, *Cruse v. Board of County Comm'rs*, 901 P.2d 998, 1004-05 (Okla. 1995) (holding a judicial action is barred by a failure to comply with statutory procedural requirements). Plaintiff makes no response to this argument. The Amended Complaint contains allegations concerning his satisfaction of GTCA's requirements in paragraph 19, which states that Plaintiff "gave Tort Claim Notice to Defendant Board of County Commissioners and Defendant Sheriff Bauman." *See* Am. Compl. [Doc. No. 16], ¶ 19.

GTCA defines a "political subdivision" to include a public trust like the Trust Authority. *See* Okla. Stat. tit. 50, § 152(11)(d). GTCA waives sovereign immunity of a political subdivision "only to the extent and in the manner provided in [GTCA]." *Id*. § 152.1(B); *see Teeter v. City of Edmond*, 85 P.3d 817, 820 (Okla. 2004). "Notice is a jurisdictional prerequisite to bringing an action under the GTCA. Failure to present written notice as required by the GTCA results in a permanent bar of any action derivative of the tort claim." *Harmon v. Cradduck*, 286 P.3d 643, 652 (Okla. 2012) (citations omitted); *see Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996); *see also* Okla. Stat. tit. 51, § 157(B). Plaintiff's allegations of written notice to the Board and Sheriff Bauman are insufficient to provide notice to the Trust Authority, which must receive notice through "the office of the clerk of the governing body." *See* Okla. Stat. tit. 51, § 156(D). Therefore, the Amended Complaint fails to state an actionable tort claim against the Trust Authority.

The Board acknowledges receipt of timely notice but asserts that this action was filed one day after the expiration of the 180-day time limit for filing suit after denial of the claim. *See id*. § 157(B). In response, Plaintiff alleges, and provides evidence to show, that he attempted to file suit on the 180th day but his filing was refused by the state court clerk.[8] Because the issue of Plaintiff's alleged untimely filing depends on matters outside Plaintiff's pleading, it is not proper for resolution under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d). Therefore, the Court declines to reach this issue.

The Board also asserts that Plaintiff's tort claims are barred by statutory exemptions that bar any liability if a claim results from certain enumerated functions or activities. As pertinent here, Section 155(24) expressly bars a tort claim resulting from "[p]rovision, equipping, operation or

---

[8] This action was commenced in the District Court of Logan County, Oklahoma, and subsequently removed.

maintenance of any prison, jail or correctional facility."[9] The Oklahoma Supreme Court has held that "the purpose and intent of [this exemption] is to preserve sovereign immunity against claims of loss resulting from operational level actions by . . . officers or employees at a penal institution" or jail facility. *See Medina v. State*, 871 P.2d 1379, 1384 (Okla. 1993); *see also Washington v. Barry*, 55 P.3d 1036, 1039 (Okla. 2002). Although the tort claims asserted against the Board are not well defined in the Amended Complaint, they appear to be based on the operational level actions of jail employees who placed Plaintiff in physical restraints and failed to obtain medical attention in a timely manner. To the extent they are based on policy-level actions by the Board, they are barred by the exemption for adoption and enforcement of governmental policies and regulations, as provided by Section 155(4). *See Medina*, 871 P.2d at 1383; *see also State ex rel. Oklahoma Dep't of Public Safety v. Gurich*, 238 P.3d 1, 4 (Okla. 2010) ("The State and its political subdivisions enjoy immunity for the choice to adopt or enforce a law, the formulation of law enforcement policy, and the method by which policy is implemented."); *Morales v. City of Oklahoma City*, 230 P.3d 869, 876 (Okla. 2010) (§ 155(4) protects discretionary decision to enforce a law). Therefore, the Amended Complaint fails to state tort claims under GTCA upon which relief can be granted.

Further, as stated above, the Court finds Plaintiff need not be granted another opportunity to amend his pleading. Plaintiff has failed to cure the deficiencies in his pleading through prior amendment, and the allegations of his Amended Complaint show further amendment to state a tort claim would be futile.

---

[9] By legislative amendment, this exemption has been renumbered as 155(25). *See* 2013 Okla. Sess. Law Serv. ch 15 (West) (available on Westlaw, OK LEGIS 15).

**Conclusion**

For these reasons, the Court finds that the Amended Complaint fails to state a viable state law claim, and that Plaintiff's request to dismiss his individual-capacity claims against Sheriff Bauman and the Trustees should be granted.

IT IS THEREFORE ORDERED that Defendant Board of County Commissioners of Logan County's Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 20]; Defendant Jim Bauman, Individually, and as Sheriff of Logan County's Partial Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 21]; and Defendants' Logan County Jail Authority Trustees, Individually, Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 22] are GRANTED, as set forth herein. All state law claims are dismissed with prejudice. Plaintiff's claims against Sheriff Bauman individually and the Logan County Jail Authority Trustees individually are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).

IT SO ORDERED this 17th day of May, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE