IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON L. NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-1507-D |
| ) | |
| LOGAN COUNTY EMS, a/k/a GUTHRIE ) | |
| FIRE & EMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter comes before the Court upon the Stipulation for Dismissal Without Prejudice [Doc. No. 36] filed by Plaintiff Jason L. Nichols, and Defendants' objection thereto. Although Plaintiff purports to voluntarily dismiss his case pursuant to Fed. R. Civ. P. 41(a)(1), the rule is clear that a stipulation "signed by all parties who have appeared" is necessary at this point in the litigation. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). Because only Plaintiff's counsel signed the Stipulation, it is ineffectual to accomplish a voluntary dismissal without a court order.

Defendants object to a dismissal on the terms stated by Plaintiff, that is, without prejudice to refiling "with each party to bear its own costs and attorney fees." *See* Pl.'s Stipulation, at 1. Defendants request either a dismissal with prejudice, or a dismissal without prejudice on the condition that Plaintiff "pay all of Defendants' costs in this lawsuit upon filing another lawsuit against these Defendants for the same claims alleged in this lawsuit." *See* Defs.' Resp. [Doc. No. 37] at 2 (citing Rule 41(d)).

"Dismissal under Rule 41(a)(2) is within the sound discretion of the court." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993). "Absent 'legal prejudice' to the defendant, the district court

normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). "[R]elevant factors the district court should consider include: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation." *Id.*; *see Clark*, 13 F.3d at 1411; *see also Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005). "Prejudice does not arise simply because a second action has been or may be filed against the defendant." *Brown*, 413 F.3d at 1124.

In this case, neither party addresses the pertinent factors, but a review of the case record reveals some facts bearing on them. The case was originally filed in state court on November 15, 2011. Although it has been pending before this Court for almost two years, the case proceeded for more than a year with multiple motions for dismissal under Rule 12(b)(6) and amendments of pleadings. The only filing to be made since entry of the Scheduling Order was Defendants' motion to depose Plaintiff, who is an Oklahoma prison inmate. Plaintiff's putative dismissal comes before any party had filed a list of witnesses or exhibits, and weeks before the deadline for dispositive motions. Thus, it does not appear that Defendants have exerted great effort or expense in preparing for trial. Further, Defendants' response makes clear that Plaintiff promptly sought a dismissal after his deposition testimony revealed a defense to his action under 42 U.S.C. § 1983 of failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e. Accordingly, the Court does not find excessive delay on Plaintiff's part.

Under these circumstances, the Court finds that Plaintiff should be permitted to dismiss his action without prejudice to refiling. The Court declines to order payment of Defendants' costs and attorney fees as a condition of dismissal. Defendants' request for reimbursement is made under a provision of Rule 41 that authorizes an "order [requiring] the plaintiff to pay all or part of the costs

of the previous action" if a plaintiff who has dismissed an action files a second action "based on or including the same claim against the same defendant." *See* Fed. R. Civ. P. 41(d). If Plaintiff should refile this action against Defendants, they may seek an order requiring him to pay the costs of this action at that time, pursuant to Rule 41(d).

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE. Payment of costs will not be ordered as a condition of dismissal, but may be ordered in the future if Plaintiff refiles the same claims against the same defendants. A judgment of dismissal under Rule 41(a)(2) shall be entered, as set forth herein.

IT SO ORDERED this 25th day of November, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE